# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 19-cv-446-NJR |
| vs. | ) Case No. 3:15-CV-786-MAB |
| | ) |
| MICHAEL MOLDENHAUER, et al. | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff James Walker filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, joining many discrete claims against separate groups of defendants in one action (Doc. 1; *see* Doc. 7). The Court reviewed the complaint and determined that it violated the joinder requirements of Federal Rule of Civil Procedure 20 (Doc. 7). The Court advised Walker to draft separate complaints, each confined to one group of injuries and defendants (Doc. 7). One of the narrowed complaints would serve as the operative complaint for this action, and each of the other proposed complaints would be treated as a motion to sever (Doc. 7).

On September 14, 2015, Walker submitted his First Amended Complaint in this case, along with three other proposed complaints (Docs. 8, 10). The Court, however, determined that each of the complaints also violated the joinder requirements of Rule 20 and they were stricken (Doc. 11).

On October 26, 2015, Walker submitted six proposed complaints (Docs. 15, 16).

This batch of complaints again raised Rule 20 problems (Doc. 17). In light of his successive failed attempts to cure his Rule 20 problems, the Court determined that Walker was not competent to plead his case without the benefit of counsel (Doc. 17). Attorney Gary Meadows was subsequently recruited as counsel for Plaintiff (Doc. 26). Mr. Meadows filed a Second Amended Complaint in February 2016 (Doc. 34). He also tendered via email to District Judge Michael Reagan three additional proposed complaints for the Court to sever into separate cases (*see* Doc. 33). For reasons unbeknownst to the undersigned, the proposed complaints were apparently overlooked by the Court and they were never severed into separate causes of action.

Mr. Meadows was replaced by Attorney Scott Mosier as counsel for Mr. Walker in June 2016 (Doc. 39). Mr. Mosier litigated this case on behalf of Mr. Walker until a settlement was reached in September 2018 (Docs. 114, 115). In February 2019, Mr. Walker attempted to bring the issue of his unaddressed proposed complaints to the Court's attention by filing a *pro se* motion (Doc. 123), but his motion was stricken because the Court does not accept pro se filings from parties who are represented by counsel (Doc. 124). Mr. Mosier then filed a motion on March 13, 2019, asking the Court to order each of Walker's proposed complaints to be severed into a separate action (Doc. 125). There was no objection to the motion.

The motion to sever cases (Doc. 125) is **GRANTED.** The Clerk of Court is **DIRECTED** to **SEVER** Proposed Complaint #1 (Doc. 125-1, pp. 1–7) into a separate action, to **SEVER** Proposed Complaint #2 (Doc. 125-1, pp. 8–12) into another separate action, and to **SEVER** Proposed Complaint #3 (Doc. 125-1, pp. 13–17) into yet another

separate action. The three severed cases actions will have newly assigned case numbers, Walker will be required to pay a $350.00 filing fee in each new case, and the complaints shall undergo preliminary review pursuant to 28 U.S.C. § 1915A. In each new case, the Clerk is **DIRECTED** to file this Memorandum and Order, Walker's IFP motion (Doc. 6), and the respective Proposed Complaint.

**IT IS SO ORDERED.**

**DATED: April 23, 2019**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
