**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES E. WALKER,** | ) | |
| **#R02343,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19-cv-00446-NJR** |
| **vs.** | ) | |
| | ) | |
| **KIM BUTLER,** | ) | |
| **RICHARD HARRINGTON,** | ) | |
| **SALVADOR GODINEZ,** | ) | |
| **MICHAEL SMITH,** | ) | |
| **DAVID CHILDERS,** | ) | |
| **R.D. MOORE,** | ) | |
| **TIMOTHY MORRIS,** | ) | |
| **JOHN DOE 1, and** | ) | |
| **JOHN DOE 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff claims that while at Menard Correctional Center ("Menard") officials deprived him of property without due process of law. He seeks monetary damages and injunctive relief. (Doc. 2, p. 1).

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

§ 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

THE COMPLAINT

Plaintiff alleges the following: While incarcerated at Menard, Plaintiff would receive ten dollars per month from the State of Illinois in unassigned pay. (Doc. 1, p. 3). During lockdowns at the facility, Menard would often withhold or confiscate inmate's pay. *Id.* Despite not being responsible for the lockdown and not receiving a hearing or any due process procedures, Menard officials confiscated Plaintiff's unassigned pay during a lockdown in August 2013. *Id.* Plaintiff filed a grievance, but the grievance was denied by the previous Warden, Harrington, and the previous IDOC Director, Godinez. *Id.*

In retaliation for filing grievances, Corrections Officer Smith selectively shook down Plaintiff's cell in November 2013, and confiscated personal property. *Id.* Smith did not record the confiscation on a shake down slip as required. Corrections Officers Moore, Childers, and Morris knew about the incident, but refused to take any action to correct the wrongful taking of property without due process. Plaintiff filed another grievance, but it also was denied by Warden Harrington. *Id.*

In 2014, corrections officers confiscated Plaintiff's personal property on two separate occasions following shake downs of his cell. *Id.* at pp. 3-4. After both shake downs, officers did not provide him a shake down slip or reimbursement for the value of the property taken. *Id.* at p. 4.

DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims in this case into the following three Counts:

**Count 1**:   Fourteenth Amendment claim against Harrington, Godinez, Smith, Childers, Moore, Morris, John Doe 1, and John Doe 2 for the

deprivation of Plaintiff's personal property without due process of law in November 2013, April 2014, and September 2014 following the shakedown of his cell.

Count 2:    Fourteenth Amendment claim against Harrington and Godinez for the confiscation of Plaintiff's unassigned pay without due process of law during the lockdown at Menard in August 2013.

Count 3:    First Amendment claim against Smith for selectively shaking down Plaintiff's cell in November 2013 in retaliation for Plaintiff filing grievances.

Count 4:    Fourteenth Amendment claim against Harrington, Godinez, and Butler for denying Plaintiff's grievances regarding the confiscation of his property without due process of law.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Counts 1 and 2

Plaintiff alleges that his personal property and unassigned pay were confiscated without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without *due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v.*

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any claims Plaintiff asserts under the Fifth Amendment. He alleges misconduct in violation of the Fifth Amendment, but offers no additional facts or associates this claim with any defendants. (Doc. 1, p. 4).

*Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Turley v. Rednour*, 729 F.3d 645, 653 (7th Cir. 2013) (recognizing that the "Court of Claims has consistently awarded prisoners "back pay" when they were denied their stipend during unlawful confinement in segregation."). Accordingly, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims, and Counts 1 and 2 will be dismissed without prejudice.

## Count 3

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a claim for retaliation, "a plaintiff must allege only enough to put the defendants on notice and enable them to respond." *McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005).

Plaintiff alleges that in November 2013, Corrections Officer Smith shook down his cell and confiscated personal property in retaliation for his history of filing grievances. These allegations are sufficient to state a retaliation claim at screening and Count 3 will proceed.

## Count 4

Plaintiff fails to state any claims against Godinez, Harrington, and Butler for the denial of his grievances filed in 2013 and 2014. Plaintiff argues that in reviewing and denying his grievances regarding the confiscation of his property without due process Defendants "endorsed" and "concurred" in the constitutional violations. (Doc. 1, pp. 3, 4). The mishandling or even the denial of a grievance will not support a constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the

Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992). As such, Count 4 is dismissed without prejudice.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 6), which will be denied at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the test for recruiting counsel). This case was severed from *Walker v. Unknown Party,* No. 15-cv-786-MAB (S.D. Ill. 2015), which was originally filed in July 16, 2015 ("original case"). In his Motion, Plaintiff references his Motion for Recruitment of Counsel filed in the original case almost four years ago and attached test scores, transcripts, and affidavits regarding his difficulties learning, but he does not provide any new information regarding attempts to secure counsel on his own or reasons why he is unable to proceed *pro se* in this action. Given the early stage of the litigation and lack of information contained in his Motion, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has recently made reasonable efforts to find a lawyer on his own.

### DISPOSITION

**IT IS ORDERED** that **COUNTS 1, 2,** and **4** are **DISMISSED** without prejudice. Because there are no further claims against Defendants **BUTLER, HARRINGTON, GODINEZ, CHILDERS, MOORE, MORRIS, JOHN DOE 1,** and **JOHN DOE 2,** they shall be **DISMISSED** without prejudice from the Complaint. The Clerk of Court is **DIRECTED** to terminate these individuals form the Court's Case Management/Electronic Case Filing

("CM/ECF") system.

**IT IS FURTHER ORDERED** that **COUNT 3** will proceed against **SMITH.**

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 6) is **DENIED** without prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for **SMITH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 26, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.