# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00446-NJR ) |
| MICHAEL SMITH, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff's Motion to Inform the Judge About Property Claims ("Motion") (Doc. 17).

Following a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single claim of retaliation against Defendant Smith (Count 3). Counts 1, 2, and 4 were dismissed for failure to state a claim upon which relief may be granted, and Defendants Butler, Harrington, Godinez, Childers, Moore, Morris, John Doe 1, and John Doe 2 were dismissed from the suit. (*See* Doc. 11). Specifically, Counts 1 and 2 were dismissed because Plaintiff had not shown that he was deprived property without *due process of law* since the Illinois Court of Claims ("Court of Claims") is an adequate post-deprivation remedy. *Id.* at p 3-4.

On August 6, 2019, Plaintiff filed this Motion in which he asserts that the Court should reinstate Counts 1 and 2 and the dismissed Defendants without filing an amended complaint. (Doc. 17, p. 3). Even though Plaintiff titles his motion "Motion to Inform the Judge About Property Claims," the Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the

Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994). A motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir.1994) (citing *U.S. v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001). The Court's order dismissing Counts 1 and 2 was entered on June 26, 2019, and Plaintiff filed his motion August 6, 2019, after the 28 period had expired. Thus, as a Rule 59(e) motion, the Motion is time barred, and the Court will construe the Motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Additionally, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir.1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In Counts 1 and 2 of the Complaint, Plaintiff alleged the deprivation of his property without the due process of law in violation of the Fourteenth Amendment. Specifically, he claimed that various prison officials and employees confiscated: (1) his personal property following shake downs of his cell; and (2) his unassigned pay during facility lockdown. *Id.* at p. 2. In his Motion,

Plaintiff essentially argues that the Court made a mistake in dismissing these claims because the Court of Claims is not an adequate remedy for his due process violations. Plaintiff states that he already filed his claims with the Court of Claims, and his cases were dismissed for lack of jurisdiction over constitutional issues and administrative and disciplinary policies of the Illinois Department of Corrections. (Doc. 17, pp. 3, 7, 13) (the court does not review "the administration of prison regulations except in cases where proof of violations of existing regulations tends to establish liability of the Respondent under recognized principles of tor law"). He alleges that any claims now brought in the Court of Claims would be barred by the two years statute of limitation and that "the court should have [known] about the court of claims lacks subject matter jurisdiction over constitutional issues." *Id.* Along with his Motion, Plaintiff attaches the decisions from the two Court of Claims cases. *Id.* at pp. 6-14.

Plaintiff has not shown any reason that would justify relief under Rule 60(b). As mentioned in the Merit Review Order, the Seventh Circuit Court of Appeals has held that the Illinois Court of Claims is a sufficient post-deprivation remedy as a matter of law. *Turley v. Rednour,* 729 F.3d 645, 653 (7th Cir. 2013); *Murdock v. Washington,* 193 F.3d 510, 512-13 (7th Cir. 1999). Therefore, Plaintiff does not have a civil rights due process claim regarding the deprivation of his property in federal court because he was in fact afforded due process —the availability of filing a tort claim with the Court of Claims. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Hamilton v. Brookman,* No. 16-cv-1034, 2018 WL 1036341 at *10 (S.D. Ill. Feb. 23, 2018). Because a remedy is available, Plaintiff must use that remedy or demonstrate that the remedy is inadequate. *Doherty v. City of Chi.,* 75 F.3d 318, 323 (7th Cir. 1996). Plaintiff has not demonstrated, however, how the Court of Claims is "inadequate to the point that it is meaningless or nonexistent," *Easter House v. Felder,* 910 F.2d 1387, 1406 (7th Cir. 1990); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993), only

that he did not present an actionable tort claim before the court. The Court of Claims supplied Plaintiff with all the process that is due for an alleged deprivation of property, and just because his case was dismissed does not render the remedy inadequate. *See Pugel v. Bd. of Tr. of Univ. of Ill.*, 378 F.3d 659, 666 (7th Cir. 2004) (due process does not entitle a plaintiff to "a favorable result").

For these reasons, the Court will not amend or alter the judgment in the Merit Review Order, and his Motion is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 28, 2019

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ *(signature)*
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **NANCY J. ROSENSTENGEL**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **Chief U.S. District Judge**