IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00446-NJR ) |
| MICHAEL SMITH, KIM BUTLER, RICHARD HARRINGTON, SALVADOR GODINEZ, DAVID CHILDERS, R.D. MOORE, TIMOTHY MORRIS, JOHN DOE 1, JOHN DOE 2, and JANE DOE 1. | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that while at Menard Correctional Center ("Menard") on multiple occasions his cell was shaken down and his property was confiscated in retaliation for filing grievances.

Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claim:

> **Count 3:** First Amendment claim against Smith for selectively shaking down Plaintiff's cell in November 2013 in retaliation for Plaintiff filing grievances.

Pursuant to the Initial Scheduling and Discovery Order, Plaintiff had until November 27,

2019, to file a motion for leave to amend the complaint to include any additional claims or parties. (Doc. 20, p. 3). On October 3, 2019, he filed a Motion for Leave to File an Amended Complaint (Doc. 24), which was denied without prejudice pursuant to Federal Rule of Civil Procedure 10. (Doc. 28). Plaintiff filed a second Motion for Leave to File an Amended Complaint and submitted a proposed amended complaint to the Court on November 15, 2019. Defendant Smith did not file a response to Plaintiff's motion. The Court now considers Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 30).

**AMENDED COMPLAINT**

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Plaintiff's motion is timely and complies with Local Rule 15.1. As the Amended Complaint is also subject to review under 28 U.S.C. § 1915A,[1] the Court will screen the proposed Amended Complaint in conjunction with its consideration of Plaintiff's Motion.

In the Amended Complaint, Plaintiff again brings claims of retaliation against Defendant Smith. He also alleges the following: Corrections Officers Moore and Morris, along with Smith, in November 2013, selectively shook down Plaintiff's cell and ordered him to the shower to be stripped searched in retaliation for filing grievances. Lieutenant Childers supervised the shakedown. Plaintiff notified Childers about the confiscation of his property and the retaliation by Officers Smith and Moore, but Childers refused to correct the wrongful acts. In April 2014, his cell was shaken down and property taken by John Doe 1 and in September 2014, his cell was searched by John Doe 2 and more property was taken. On both occasions these shakedowns were done in retaliation, he was not provided a shakedown slip, and he was not reimbursed for the value

---

[1] Pursuant to Section 1915A, any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

of the property.

Wardens Butler and Harrington were aware of the retaliatory conduct because of the multiple grievances filed and letters written by Plaintiff. Jane Doe 1 denied some grievances and never responded to others regarding the shakedowns and the wrongful taking of his property in retaliation for Plaintiff's history of filing grievances.

Upon review of the Amended Complaint, the Court finds that Plaintiff has pleaded the following claims:

> **Count 1:** **First Amendment claim against Godinez, Butler, Harrington, Smith, Moore, Childers, Morris, John Doe 1, John Doe 2, and Jane Doe 1 for retaliating against Plaintiff for filing grievances.**
>
> **Count 2:** **Fourteenth Amendment claim against Defendants for the deprivation of Plaintiff's personal property without due process of law.**
>
> **Count 3:** **Fourteenth Amendment claim against Harrington, Godinez, Butler, and Jane Doe 1 for denying Plaintiff's grievances regarding the confiscation of his property without due process of law.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any claims Plaintiff asserts under the Fifth Amendment. As previously stated in the original merit review order, Doc. 11, p. 3, he alleges misconduct in violation of the Fifth Amendment, but offers no additional facts or associates this claim with any specific defendant. Similarly, to the extent he is attempting to claim deliberate indifference to a serious medical need in violation of the Eighth Amendment because his allergy and pain medications were confiscated, this claim also fails as the claim is vague and not asserted against any individual defendant, but all defendants as a group. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### Count 1

Plaintiff alleges that in retaliation for his history of filing grievances: (1) Childers, Moore, Morris, and Smith shook down his cell, took his property, and had him strip searched in November 2013; (2) John Doe Officers 1 and 2 also searched his cell and confiscated property in 2014; and (3) Butler, Harrington, Jane Doe 1, and Godinez denied his grievances. These allegations are sufficient to state a retaliation claim at screening. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002).

### Counts 2 and 3

For the reasons stated in the original merit review order, Counts 2 and 3 are dismissed without prejudice. *See* Doc. 11, pp. 3-4; *Murdock v. Washington,* 193 F.3d 510, 513 (7 Cir. 1999); *Antonelli v. Sheahan,* 81 F.3d 1433, 1430 (7th Cir. 1996).

### OFFICIAL CAPACITY CLAIMS

Plaintiff claims that Defendants acted in their individual and official capacities. State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)*; Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Because Plaintiff only seeks monetary damages, the official capacity claims directed against these individuals will be dismissed with prejudice.

### IDENTIFICATION OF UNKNOWN DEFENDANTS

Plaintiff will be allowed to proceed with Count 1 against John Doe 1, John Doe 2, and Jane Doe 1. These defendants, however, must be identified with particularity before service of the Amended Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identify. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the current warden of Menard Correctional Center, Frank Lawrence,

will be added to the docket in his official capacity only and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Once the names of these individuals are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Amended Complaint.

## DISPOSITION

**IT IS HEREBY ORDERED** that pursuant to Rule 15, and after review of the proposed amended complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 30). The Clerk of Court is **DIRECTED** to file the proposed amended complaint submitted to the Court on November 19, 2019, as "First Amended Complaint," and to add **Kim Butler, Salvador Godinez, Richard Harrington, David Childers, R.D. Moore, Timothy Morris, John Doe 1, John Doe 2,** and **Jane Doe 1** to the docket as defendants. The Clerk is also **DIRECTED** to add the warden of Menard Correctional Center, **Frank Lawrence**, in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown defendants.

**IT IS FURTHER ORDERED** that the newly designated **Count 1** shall proceed against **Butler, Harrington, Godinez, Childers, Smith, Moore, Morris, John Doe 1, John Doe 2,** and **Jane Doe 1.**

**COUNTS 2** and **3** are **DIMISSED** without prejudice. For the reasons stated, all claims against **Butler, Harrington, Godinez, Childers, Smith, Moore, Morris, John Doe 1, John Doe 2**, and **Jane Doe 1** in their **official capacities** are **DISMISSED** with prejudice.

Further, the Clerk of Court shall prepare for **Butler, Harrington, Godinez, Childers, Moore, Morris,** and **Lawrence** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The

Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the original Merit Review Order (Doc. 11), and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff.

With the exception of **Defendant Lawrence,** Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order (Doc. 11) and in this Merit Review Order. Defendants are ADVISED that the Court does not accept piecemeal answers.**

**Lawrence** is **ORDERED** to timely enter his appearance. **Lawrence**, however, <u>does not need to file an Answer or other responsive pleading</u>. Once **Lawrence** enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **Lawrence** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

**IT IS SO ORDERED.**

DATED: December 4, 2019

_____
**NANCY J. ROSENSTENGEL  
Chief U.S. District Judge**