IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, **Plaintiff,** v. KIM BUTLER, *et al.*, **Defendants.** | Case No. 19-cv-00446-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on several motions filed by Plaintiff James Walker in an effort to identify the John Doe Defendants: Motion Specifying Additional Steps to Identify the John Does (Doc. 61), Motion Specifying Additional Steps to Identify John Doe 2 for the Second Time (Doc. 64), and Motion to Substitute Defendants (Doc. 66). Walker has also filed a motion asking the Court to compel Defendants to produce copies of his authorization for payment forms and trust fund transactions that will demonstrate that he timely mailed Grievance 216-10-14 (Doc. 63).

### IDENTIFICATION OF JOHN DOES

Currently, Walker is proceeding on a First Amendment retaliation claim against John Doe 1, John Doe 2, and Jane Doe 1. (Doc. 34). The Motions providing steps to identify the John Does (Doc. 61, 64) are granted, and the Motion to Substitute (Doc. 66) is granted in part. The Clerk of Court will be instructed to substitute Jay L. McMillan in place of John Doe 1 and Eugene R. II. JR. Simpson in place of Jane Doe 1.

John Doe 2 remains unidentified, and thus will be dismissed. Walker has identified John Doe 2 as a "white unknown male cadet officer with orange crush. He had on a black t-shirt with the words cadet in white letters. That was in the east cell house at Menard Correctional Center on September 4, 2014 cell 902 on the 7:00 am to 3:00 pm shift during a shakedown." (Docs. 61, 64). Walker states that this defendant can be identified by reviewing records kept by Menard Correctional Center recording the cadet officers in training at the time of September 4, 2014, the list of cadet officers who participated in the east cell house shakedown, or a log of the cells that each cadet officer was instructed to search. (Doc. 64). Defendants filed responses to Walker's motions stating that they have provided Walker the operational roster for September 4, 2014, there were multiple Correctional Officer Trainees present on September 4, 2014, that fit Walker's description of John Doe 2, and there is no record of a shakedown of his cell on that day. Walker does not dispute that there is no record of a shakedown of his cell on September 4, 2014, (*See* Doc. 65, p. 3), and has not provided any additional information that would aid Defendants in identifying John Doe 2. John Doe 2 is therefore **DISMISSED** from this action without prejudice.

### MOTION FOR REQUEST UNDER SPECIAL CIRCUMSTANCES

Walker states that Defendants have not provided him with copies of authorization for payment forms and trust fund transaction printouts recording purchases of legal and privileged mail postage. (Doc. 63). He argues these documents are needed in order to demonstrate that he did exhaust his remedies by timely mailing his grievances to the Administrative Review Board. Defendants state that they have provided Walker with his

trust fund statement from 2014 and 2015 but do not address the provision of the authorization for payment forms. (Doc. 67). It does not appear that Walker has first made a good faith effort to resolve the discovery issues with Defendants prior to involving the Court, and thus, the motion will be denied at this time. FED. R. CIV. P. 37(a)(1). If Walker continues to have problems obtaining discovery from Defendants, he should file a motion to compel and inform the Court on what actions he took to first confer with Defendants.

### DISPOSITION

For the reasons stated above, the Motion Specifying Additional Steps to Identify the John Does (Doc. 61) is **GRANTED**, Motion Specifying Additional Steps to Identify John Doe 2 (Doc. 64) is **GRANTED,** and the Motion to Substitute Defendants for John Does (Doc. 66) is **GRANTED in part** and **DENIED in part**. John Doe 2 is **DISMISSED** without prejudice. The Clerk of Court is instructed to substitute **Jay L. McMillan** in place of John Doe 1 and **Eugene R. II. JR. Simpson** in place of Jane Doe 1.

The Clerk is **DIRECTED** to prepare for **McMillan** and **Simpson**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 36), the Merit Review Order of the Amended Complaint (Doc. 34), and this Memorandum and Order to Defendant's place of employment as identified by Walker. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent

authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Walker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants **McMillan** and **Simpson** are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in the Merit Review Order (Doc. 34).**

The Motion for Request Under Special Circumstances (Doc. 63) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATED:   August 27, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**