**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES E. WALKER, #R02343<br>    Plaintiff,<br><br>v.<br><br>KIM BUTLER, *et al.*,<br><br>    Defendants. | Case No. 19-cv-00446-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Default Judgment filed by Plaintiff Walker (Doc. 80), a Motion to Set Aside Default filed by Defendant Richard D. Moore (Doc. 85), a Motion for Leave to File an Amended Answer and Affirmative Defenses filed by Defendants Smith, Morris, Butler, Harrington, Godinez, Childers, McMillan, and Simpson (Doc. 86), and Notice to the Clerk filed by Plaintiff Walker (Doc. 89).

### ENTRY OF DEFAULT

On December 5, 2019, a waiver of service was issued on Plaintiff Walker's Amended Complaint to Defendant Moore. (Doc. 37). The initial waiver of service was returned unexecuted because Moore no longer works at Menard Correctional Center. A new waiver was sent to a different address and returned executed on December 23, 2019. (Doc. 50). Moore's responsive pleading was due February 10, 2020. However, he failed to file an Answer to the Amended Complaint by this date. Accordingly, the Court directed that default be entered against Moore on October 27, 2020. (Doc. 78). On November 4, 2020, Walker moved for default judgment against Moore, and on November 10, 2020, Moore filed a motion to set aside the default.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of

default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Moore has met the standard for vacating the entry of default. Specifically, he has shown good cause. Moore's Counsel explains that Moore mistakenly believed that all he had to do to be represented by the Office of the Attorney General in this case was to sign and return the waiver of summons. Moore did not submit a formal request for representation as specified by state law or notify the Office of the Attorney General that he had returned the waiver of summons. Moore "did not willfully ignore the pending litigation," *Id.*, but failed to obtain representation and file a timely answer due to a misunderstanding of the proper procedures. Furthermore, Moore has taken quick action to resolve the issue. Once the Office of the Attorney General was made aware of the Clerk's Entry of Default on October 28, 2020, the Office of Attorney General immediately coordinated with the Illinois Department of Corrections to obtain the documentation necessary to represent Moore. Counsel was assigned to represent Moore on November 2, 2020, and Counsel entered his appearance a week later. Finally, Moore has meritorious defenses and asks for additional time to file a responsive pleading.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court that Moore has met the requirements of Rule 55(c) and **GRANTS** the Motion for Leave to Set Aside Default. (Doc. 85). The Entry of Default (Doc. 79) is **VACATED**. The Motion for Default Judgment filed by Walker (Doc. 80) is **DENIED**. *See Passarella v. Hilton Intern. Co.*, 810 F. 2d 674, 677 (7th Cir. 1987) ("a default judgment, like a dismissal, is a harsh

sanction which should be employed only in extreme situations, or when other less drastic sanctions have proven unavailing") (citations omitted). Defendant Moore has until **January 26, 2021**, to file an Answer to the Amended Complaint.

### MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants ask for leave to amend their Answer and Affirmative Defenses to add affirmative defenses asserting that Walker's First Amendment claim is barred by the statue of limitations and the doctrine of laches. (Doc. 86). In response, Walker argues that to allow Defendants to amend their Answer would prejudice him and be unduly burdensome because he has already filed an answer to their Motion for Summary Judgment on the Issue of Exhaustion.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading with the Court's leave, and leave is freely to be given "when justice so requires." Generally, leave will be denied if there is undue delay, bad faith, a dilatory motive, or when the amendment would unduly prejudice the non-moving party. *See King v. Kramer*, 763 F.3d 635, 643–644 (7th Cir. 2014). In the context of an affirmative defense: "Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense. A defendant should not be permitted to lie behind a log and ambush a plaintiff with an unexpected defense." *Venters v. City of Delphi*, 123 F. 3d 956, 967 (7th Cir. 1997) (citations and quotation marks omitted). Nonetheless, if a plaintiff is allowed a meaningful response to the defense, undue prejudice will not be found. *See Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir.2005).

Here, merits discovery has been stayed until the issue of exhaustion is resolved, late appearing parties McMillan and Simpson did not file an answer to the Amended Complaint until October 26, 2020, and Moore's Answer to the Amended Complaint is not due until January 26, 2021. Given the early stage of this litigation, Walker will not be prejudiced by allowing Defendants to amend their Answer by adding affirmative defenses. Despite his concerns, he will not need to

file a new response to the Motion for Summary Judgment on Exhaustion, and he will have an opportunity to respond to the newly added affirmative defenses once they are asserted in a motion before the Court. Therefore, the Motion is **GRANTED**.

### NOTICE TO THE CLERK

Plaintiff Walker has filed a document titled "Notice to the Clerk." (Doc. 89). He asks the Court to send all parties copies of his Response to Defendants' Motion for Leave electronically. (Doc. 90). He states that because the law librarian was not available, he was unable to have his document scanned at Lawrence Correctional Center and had to mail the document to the Court. He also asks the Court to send him a "stamp file" copy of his Response. The request is **DENIED in part** and **GRANTED in part**. Because his response to Defendant's Motion was electronically scanned and entered on the docket upon receipt by the Clerk of Court, copies do not need to be mailed to Defendants. Defendants have been served electronically through the Court's electronic case filing system. The Clerk of Court is directed to mail Walker a copy of Doc. 90.

### MOTION FOR SUMMARY JUDGMENT – MCMILLAN AND SIMPSON

Finally, the Court notes that Defendants McMillan and Simpson, as late appearing parties, had 60 days from the date of filing their Answer to the Amended Complaint to file a motion for summary judgment for failure to exhaust administrative remedies. (Doc. 20, p. 5). Defendants filed their Answer on October 26, 2020, but have not filed a motion for summary judgment or a motion to join the Motion for Summary Judgment filed by Defendants Butler, Harrington, Godinez, Smith, Childers, and Morris. (Doc. 58). The Court *sua sponte* grants Defendants additional time. **McMillan and Simpson will have until January 19, 2021, to file the appropriate motion or the affirmative defense of exhaustion will be deemed waived.**

### DISPOSITION

For the reasons stated above, the Motion for Default Judgment filed by Walker (Doc. 80)

is **DENIED.** The Motion to Set Aside Default filed by Moore (Doc. 85) is **GRANTED**. The Entry of Default (Doc. 79) is **VACATED**. Defendant Moore has until **January 26, 2021**, to file an Answer to the Amended Complaint.

The Motion for Leave to File an Amended Answer and Affirmative Defenses filed by Defendants Smith, Morris, Butler, Harrington, Godinez, Childers, McMillan, and Simpson (Doc. 86) is **GRANTED.** The Notice to the Clerk filed by Walker (Doc. 89) is **DENIED in part** and **GRANTED in part**. The Clerk of Court is **DIRECTED** to send Walker a copy of Doc. 90.

Defendants McMillan and Simpson have until **January 19, 2021**, to file a motion for summary judgment on the issue of exhaustion.

**IT IS SO ORDERED.**

**DATED:   January 12, 2021**

        *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**